Fourth Appellate Department, May, 1899. Reported. 41 App. Div. 624.

HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Appellant, *v.* FRANK M. SWARTS, et al. Respondents.

This is an appeal from a judgment dismissing plaintiff's complaint upon plaintiff's opening of the case. Motion for non-suit was made upon ground that the facts stated by plaintiff's attorney in his opening did not constitute a cause of action. The complaint was restricted by a stipulation that the only issue was whether the sales under the license, having been made within two hundred feet of a church, constituted a forfeiture of the bond.

ROYAL R. SCOTT, attorney for plaintiff-appellant: The certificate issued by the county treasurer is not a license or permit to sell liquors. No person is authorized to traffic in liquors under the present law, except as the law authorizes. Paying the tax does not authorize a person to traffic. The right of an applicant to a certificate depends altogether upon the statements in the application. The officer issuing certificate has no discretionary power. (*People ex rel. Belden Club* v. *Hilliard,* 28 App. Div. 140.) Payment of the tax and receiving a certificate gives a person no right that he did not have, except that the condition precedent of payment of tax and posting of certificate has been complied with. The rule is to make such a construction as should repress the mischief and advance the remedy. (*People ex rel. Bagley* v. *Hamilton,* 25 App. Div. 428; *Matter of Lyman* v. *Korndorfer,* 29 App. Div. 390.) The phrase "holder of the certificate" as used in this statute, means the person authorized to sell liquor under it. (*People ex rel. Miller* v. *Lyman,* 27 App. Div. 527; affirmed 156 N. Y. 407; *Matter of Lyman* v. *Fagan,* 26 Misc. 300.) The provisions of the statute are in effect a part of the bond. The statute constitutes a part of the contract of the surety. (*Lyman* v. *Schenck* and *Rochester Title Insurance Co.,* 37 App Div. 234.) The burden is upon the defendant, when traffic is alleged and proved, to prove that he had a certificate properly posted and that such traffic was legal. Black on Intoxicating Liquors, Sec. 507; also sec. 511.

HUDSON & DWELLE, attorneys for defendant Swarts; HANFORD STRUBLE, attorney for defendant Harpending. The facts

alleged in the complaint as limited by the stipulation and as stated by the plaintiff's counsel in his opening to the jury did not state a cause of action upon the bond and complaint was properly dismissed. The application for tax certificate and the certificate issued constitute a contract between applicant and the State. (*Matter of Hilliard,* 25 App. Div. 222; *Matter of Livingston,* 24 App. Div. 51; *People* v. *Durante,* 19 App. Div. 292; *Niles* v. *Mathusa,* 20 App. Div. 483.) If the contract is void, then the bond never had any binding force or effect whatever. If the State had no right to make this contract and issue this tax certificate it cannot take advantage of its own wrong and maintain an action upon the bond given to procure a right the State could not confer or grant.

Judgment reversed and a new trial ordered, with costs to the appellant to abide the event.

All concurred.